REGAN, Judge.
Plaintiff, Mrs. Edna Earle Harris, the vendee, instituted this suit against the defendant Fant Taylor, the vendor, doing business as Taylor Furniture Company, endeavoring to recover the sum of $242, the amount paid the defendant for a television set, asserting that she was entitled to a rescission of the sale due to a redhibitory vice or defect therein, and then tendered the set to the defendant.[1]
The defendant answered and admitted that the set was purchased from him, but denied that it was defective.
From a judgment in favor of the plaintiff and against the defendant in the amount of $242 and ordering that the plaintiff return the television set to the defendant, he has prosecuted this appeal.
The facts are relatively simple, but of course disputed. On February 20, 1954, plaintiff purchased from the defendant an RCA Victor television set for the price of $242 cash and acquired simultaneously for an additional consideration a service contract therefor. The television set was installed on March 8, 1954. Plaintiff testified that immediately after the set was installed in her home it functioned badly and it was *738 serviced in conformity with her contract five, six, or seven times and each time thereafter it continued to reflect a distorted picture. Under cross-examination the plaintiff was asked, “How did it function when it was installed.” And she replied, “Well, if you could look at a television picture with four or five different faces and a black streak across it — it simply wasn’t a seeable picture.” She further asserted that after each visit she complained that the picture was not adequate and she was informed by various RCA servicemen that it was “the best they could do.”
John R. Deering, a television technician, appeared as a witness on behalf of plaintiff and testified that he had been engaged in the field of electronics since 1948 and that in the early part of 1955, which was after the institution of the present suit, he called 'at plaintiff’s home and made a thorough examination of the television set and he was unable to cause it to function at all.
The defendant testified that shortly after the installation of the television set, the plaintiff called at his store and complained that the set was reflecting “ghostly” pictures and in conformity with her service contract he caused the set to be serviced “five or six times.” He was positive that the set was not defective when sold.
John C. Marden, president of Television & Appliance Distributors, Inc., appeared as a witness on behalf of the defendant and testified that during 1954 the plaintiff contacted him and informed him that her set was not performing at all and that the RCA Service Company had worked on the set but could not make it produce a satisfactory picture and therefore she was requesting help from the distributor. He then checked with the RCA Service Company and found according to its records that the set was performing satisfactorily. He conveyed this report to the plaintiff, who still insisted that the set was not performing properly, and Marden then had the regional supervis- or test the set, and he “found it to be according to standard,” which means that it was performing satisfactorily.
Charles K. Hulteen, branch manager for the RCA Service Company, appeared as a witness on behalf of the defendant and testified from his records which revealed that eight service calls were made in response to the complaints of the plaintiff and that each of these calls was made by a technician thoroughly experienced in electronics. He related that some of these technicians who had serviced plaintiff’s television set had been transferred to other locations, although he conceded that several were still employed by the company.
The foregoing elucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously was unfavorably impressed by defendant’s failure to produce as a witness one or more of the men who had actually serviced the set and who, according to Hulteen, branch manager for RCA Service Company, were still employed by him. Certainly, these men who were available to the defendant would have been in the best position to fully enlighten the court as to the true condition of the set.
On the other hand, the trial court was favorably impressed by the testimony of plaintiff and Deering, and reasoned that she had proven her case with that certainty which the law requires. He therefore concluded that the television set was defective at the' time it was sold, which rendered it either absolutely useless, or its use so inconvenient or imperfect that it must be supposed that the buyer would not have purchased it had she known of the vice.[2]
The question which this appeal has posed for our consideration is whether that finding is so erroneous or unsupported by the evidence as to warrant reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testi *739 mony or by endeavoring to reconcile or evaluate the respective litigants’ and witnesses’ testimony.
This is obviously a case which permits of the application of the accepted doctrine that the conclusions of the trial court will not be disturbed when questions of fact are exclusively encompassed by the judgment unless clearly erroneous.
For the reasons assigned, the judgment appealed from is affirmed.
JANVIER, J., takes no part.
Affirmed.

. “The purpose of the redhibitory action is to restore the status quo. To accomplish this, the thing sold must be returned to the vendor and the price returned to the vendee. The Louisiana jurisprudence is not clear as to whether tender of the thing by the vendee is an essential prerequisite to the successful prosecution of a redhibitory action. Some appellate cases have stated and others have inferred that the vendee must tender the thing back to the vendor in order to maintain a redhibitory action. However, the Louisiana Supreme Court in 1909 said that where the vendor instituted an action for the price of the thing sold, tender by the vendee would bo but a vain gesture. The proper conclusion appears to be that in the situation where the vendee brings the redhibitory action as plaintiff, tender by him is essential, but where the vendee seeks rescission on a reconventional demand to a suit by the vendor for the price of the thing, tender is not necessary.” 23 Tulane L.Rev. 130, 131 (1948).

. Art. 2520, LSA-Civil Code of 1870.