CHRIS T. BARNETTE, Judge pro tern.
Albert J. McDonald, defendant and third party plaintiff, had his home air-conditioner replaced in 1961. The job was supervised by James Hoffa, a contractor, Hoffa and McDonald agreed that Hoffa would store the used unit which had been removed and attempt to find a buyer for it. Hoffa then asked Salvador Riggio, president of H & R Distributing Co., Inc., to attempt to interest someone in purchasing the unit. Some time thereafter, Robert Flanagan, Jr., president of Atlantic-Gulf Supply Corporation, was • visiting the warehouse of H & R Distribut *7 ing Co., Inc., and Riggio asked him if he had any use for a used air-conditioning unit, but he was not interested at that time. Later Atlantic-Gulf Supply Corporation decided to build an office which was to have air-conditioning requirements of 10 tons. Atlantic then contacted Riggio who said the 10-ton York unit was available for $800.
On March 6, 1961, Atlantic sent a purchase order to H & R Distributing Co., Inc., for one 10-ton York air-conditioning and -heating system complete with controls, tower, pump, motors, 220-volt a. c. for the price of $800. Atlantic was aware of the fact that the unit was in used condition. McDonald then received a phone call from Hoffa and was told that Riggio had sold the unit for $800, that he had a check, and that he wanted him to pay Riggio $150 as commission. McDonald agreed to do so. Upon receiving the check for $800, McDonald attempted to cash it. The bank refused to do so because the check, from Atlantic-Gulf Supply Corporation, was made payable to H & R Distributing Co., Inc., and had been endorsed by Riggio, and the bank had no certificate as to the position of Mr. Riggio with H & R. Subsequently, McDonald received a new check for $800, dated April 3, 1961, made payable to Albert J. McDonald, c/o H & R Distributing Co., Inc. This check was accepted and cashed by McDonald, and Riggio was given a check by McDonald’s attorney, for $150 “in full settlement of commission for sale of air conditioning unit of A. J. McDonald”.
Several months later, upon reaching the point in the construction of its building at which the installation of the air conditioning was approaching, Atlantic had a refrigeration man go to H & R’s warehouse to take a look at the unit it had bought from McDonald. The unit was found to be a 71^-ton Copeland unit and not a 10-ton York. Atlantic then wrote to McDonald requesting the return of the $800, on March 29, 1962.
On October 15,1962, Atlantic-Gulf Supply •Corporation sued Albert J. McDonald for a rescission of the sale, a return of the $800, and an additional $800 for damages allegedly resulting from inability to procure a unit comparable to the one it had agreed to buy from defendant thereby forcing plaintiff to purchase a new unit. On April 3, 1963, defendant McDonald instituted a third party complaint praying for judgment against H & R Distributing Co., Inc., in the event a judgment should be rendered against him in favor of Atlantic-Gulf Supply Corporation, and also for $150, representing the commission allegedly paid to H & R Distributing Co., Inc.
From a judgment of the district court in favor of plaintiff, Atlantic-Gulf Supply Corporation, and against the defendant, Albert J. McDonald, annulling the sale of the air-conditioning unit and ordering the return of the full sum of $800 with interest and dismissing the claim of third party plaintiff, Albert J. McDonald, against the third party defendant, H & R Distributing Co., Inc., the defendant and third party plaintiff, has appealed.
LSA-C.C. art 1845 provides:
“Error as to the other qualities of the object of the contract, only invalidates it, when those qualities are such as were the principal cause of making the contract.”
LSA-C.C. art. 2529 provides:
“A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.”
We are of the opinion that Atlantic thought that it was buying a 10-ton York air-conditioner and would not knowingly have agreed to buy a 7^/z-ton Copeland. The fact that the unit was represented as a 10-ton York was an essential and dominating factor in inducing Atlantic to purchase the unit. There is no evidence in the record as to whether or not Riggio made his rep- *8 . reservations in good faith, but this is not ■ important to the present case. We quote from Kardis v. Barrere, 17 La.App. 433, 136 So. 135 at p. 137 (La.App. Orleans 1931):
“ * * * when he discovered that the boxes which had been sold and delivered to him were not the kind and character of boxes he intended to buy, and which he reasonably assumed he was buying, had a right to rescind the contract of sale and refuse to pay for the boxes, because the promise and representation as to the character and quality of the boxes was the moving and dominating factor in inducing the defendant to agree to purchase and accept the property.”
, That Court further said at pp. 138 and 139:
“It is clear that under * * * [LSA-C.C. art. 2529] a -redhibition is allowed where there has been an innocent misrepresentation as to the quality or character of the thing, even though there is not ‘vice or defect’ within the meaning and intent of article 2520. In our opinion, ¡article 2529 clearly extends the class and character of cases in which redhibition or réscission is permitted, and the word .‘quality’ used in the article must be given a reasonable and liberal interpretation, and, if so construed, refers to misrepresentations in relation to the character, make, nature, characteristic, manufacture, and trade-mark and trade-name of things. In the present case, if .the word ‘quality’ is' given a liberal and reasonable construction, there was, in fact, a misrepresentation of the quality and character of the thing sold which would justify redhibition.” ■
In reference to LSA-C.C. art. 1845', it was said in the Kardis case at p. 139 :
“ * * * These articles deal with the same problem as the analogous com-' mon-law cases giving a buyer the right to rescind a contract for ‘mistake.’ If. - parties enter into a contract- on the ■ assumption that certain things are true, it is inequitable to enforce the bargain or to allow it to stand if thp mistake relates to a matter so fundamental that it must be assumed that the -parties would not have entered into the transaction had they known the truth. Wil-Iiston on Sales (2d Ed.) vol. 2, § 656. Although the authorities already referred to in relation to innocent misrepresentation and article 2529 of the Louisiana Code are sufficient to dispose of this case, we are of the opinion thát if the word ‘quality’ in article 2529 is to be narrowly construed and is not applicable to the facts of the present case, in such event, the articles of the Code in relation to error and the common-law jurisprudence dealing with the subject of ‘mistake’ justify and support the conclusions we have reached.”
Under the authority of either LSA-C.C. art. 1845 or LSA-C.C. art. 2529, we affirm the judgment of the trial court annulling the sale and ordering Albert J. McDonald to refund to the Atlantic-Gulf Supply Corporation the sum- of $800 and the -revesting of ownership of the 7j4-ton Copeland air-conditioner to Albert J. McDonald.
We do not feel that Atlantic, through its president Flanagan, breached a duty to inspect the unit. When the unit was first . mentioned to him, he was not interested in buying it; and later when he had decided to purchase it, inspection was made difficult by a “pile of debris” and other objects stored about it, and he accepted the representations relative to make and capacity.
Atlantic has failed to prove damage resulting from its inability to procure a -unit comparable to the one it had agreed to buy from defendant. Plaintiff offered no substantial evidence on the subject of da’m-ages, and we affirm the trial court’s dismissal of that part of plaintiff’s claim.
We now reach McDonald’s third party claim against H & R Distributing Co., Inc., *9 for the $150 commission and for the amount of any judgment that should be granted against him.
McDonald dealt with Hoffa and' Riggio and not with H & R. The $150 commission was made payable to S. Riggio personally. Since Riggio is not personally a party to this proceeding we are not passing on his liability to McDonald for return of-the commission paid him. McDonald had no relationship with H & R Distributing Co., Inc., and cannot hold it responsible for any misrepresentations made By others. Therefore we affirm the trial court’s dismissal of the complaint of the third party plaintiff.
Appellant has cited no authority in his brief, and after an examination of the authorities cited in appellee’s brief, we are of the opinion that they are irrelevant-to the pertinent issues herein.
The judgment of the triál court is affirmed at appellant’s cost.
Affirmed.