SAMUEL, Judge.
Plaintiff sold the defendant corporation a used truck and trailer. Payment of the purchase price of $2,000 was made in the form of $200 in cash and two of defendant’s postdated checks totaling $1,800. Subsequently, defendant stopped payment on the two checks. This is a suit for $1,-800, the balance due on the purchase price. By answer and amended answer defendant denied liability and averred plaintiff misrepresentations, redhibitory vices and failure of consideration; it sought judgment declaring the sale a nullity and ordering the return to defendant of the $200 and the two checks. After trial there was judgment in favor of the defendant as prayed. Plaintiff has appealed.
The undisputed facts are: Defendant was engaged in the businesss of hauling mud and soil. It was represented in the sales transaction in suit by its president. The truck was a single axle tractor. The trailer was shop-made, i. e., privately manufactured, with an extra axle added to the frame by a previous owner. With full knowledge of the nature of defendant’s business and the intended use of the vehicles therein, plaintiff represented to the defendant that the trailer had a carrying capacity of 16 cubic yards and the combined tractor and trailer were proper for defendant’s purposes. In actual fact the trailer had a load capacity of 8.6 cubic yards. With six inch side boards added the capacity could be increased to 10.8 cubic yards. If eighteen inch side boards were *178 added the capacity could he increased to 15.1 cubic yards. An additional cubic yard could be added by piling the load into a crown or hill toward the center. All of these measurements are at “water level”, i. e., with the load being level with the tops of the side boards. The sale was agreed upon between plaintiff and the defendant’s president after the latter had viewed the vehicles in an open area during a heavy rain and therefore at that time without adequate opportunity to closely inspect. them. Shortly after the sale had been made the defendant informed plaintiff that the vehicles were unsuited for its purposes and sought to obtain a voluntary rescission of the sale which plaintiff refused.
In connection with the alleged misrepresentations upon which defendant relies, relative to the carrying capacity of the trailer and the inadequacy of the tractor to haul the fully loaded trailer, plaintiff produced a former owner of the vehicles who testified he had operated them satisfactorily over a period of time carrying a 16 cubic yard load in the trailer; he ° had loaded the vehicle to that extent by adding eighteen inch side boards. Plaintiff himself gave similar testimony. The defendant offered expert testimony to the effect that the trailer body was designed, and was suitable, for the addition of only a six inch side board, giving the vehicle a capacity of 10.8 cubic yards, and that the tractor was not designed to handle such a loaded trailer, the 10.8 cubic yard load being too much for the tractor in suit to haul. The expert testimony is further to the effect that the tractor was of the type customarily used for a four yard water level dump truck and therefore totally inadequate to haul a 16 cubic yard load.
The trial judge accepted the defense testimony just outlined and rejected the outlined plaintiff testimony, a conclusion with which we agree. However, he rejected the defendant contention relative to capacity of the trailer for the reason that he was of the opinion such capacity could have been determined by simple inspection. The judgment is based solely on the second defendant contention relative to the inadequacy of the tractor to haul the fully loaded trailer, a defect he found could not be determined by simple inspection.
Civil Code Articles 2520, 2521 and 2529 are pertinent. They read as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” LSA-C.C. Art. 2520.
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.” LSA-C.C. Art. 2521.
“A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.” LSA-C.C. Art. 2529.
We find it unnecessary to decide the question of whether the absence of the represented 16 cubic yard carrying capacity was a defect discoverable by simple inspection and therefore not a redhibitory vice under the above quoted Article 2521. For the inadequacy of the tractor to haul the fully loaded trailer is itself a redhibitory vice sufficient to result in the avoidance of the sale.
It is quite clear that the defendant needed and desired to purchase a unit consisting of a tractor and a 16 cubic yard trailer, with the tractor of course adequate to haul the unit, and plaintiff had full knowledge of these facts when the representations were made. Since the tractor was totally inadequate to haul a 16 cubic yard load, and also inadequate for the purpose of hauling a 10.8 cubic yard load, it is also quite clear that under the provisions of Civil Code Article 2520 the defect was such *179 as to render the use of the vehicles so inconvenient and imperfect that it must be presumed the defendant would not have purchased them had it known of the defect. We are satisfied, as was the trial judge, that the defect in the tractor was not one which might have been discovered by simple inspection under the provisions of Civil Code Article 2521. See Atlantic-Gulf Supply Corporation v. McDonald, La.App., 175 So.2d 6, 15 A.L.R.3d 1202.
We note the judgment does not order the return of the tractor and trailer by the defendant to the plaintiff and will amend so as to provide for such return.
For the reasons assigned, the judgment appealed from is amended so as to order the defendant, Reliable Soil Company, Inc., to return to the plaintiff, Edward Freiler, the tractor and trailer in suit. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs of this appeal to be paid by the plaintiff-appellant.
Amended and affirmed.