LOTTINGER, Judge.
This is a suit filed by Campo Appliance Company, as petitioner on a promissory note allegedly due by defendant, J. E. Hurst, in the principal sum of $412.88, plus interest and attorney’s fees as therein provided. Defendant filed answer wherein he admitted the execution of the promissory note but reconvened seeking a rescission of the sale contract supporting the said note on the ground that misrepresentation had been made on the year of the television set which he had purchased and also alleging certain defects in the set. The Lower Court awarded judgment in favor of petitioner on the original demand and the defendant has taken this appeal.
This case was originally tried in the City Court of the City of Slidell, Louisiana, which rendered a judgment in favor of defendant. The petitioner appealed to the District Court where a trial de novo was held.
The evidence reflects that defendant purchased a new General Electric color television set on April 19, 1969, from petitioner for the price of $412.88. In payment therefor, defendant executed a promissory note of said date in the amount of $412.88 payable in 90 days after date with 8% interest per annum from maturity until paid.
No payments were made by the defendant on the said television set and this suit was filed for the unpaid balance with interest and attorney’s fees as provided in the note.
Defendant filed answer admitting his execution of the said note, however he reconvened alleging certain defects in the said television set for which he claimed to be entitled to cancellation of the sale upon his returning the set to the petitioner.
*318 The evidence shows that on the date which the television set was purchased, defendant and his wife went to the business place of petitioner situated in the City of New Orleans to buy a new color television set. They were shown a General Electric television set which was still in the original crate from the factory and which they were informed was a new 1969 model set. Both defendant and his wife testified that they were interested in buying a 1969 set and not an older model and had they known that the set was one prior to the year 1969, they would not have purchased it.
Shortly after bringing the set to their home in Covington, defendant and his wife began having trouble with it, and a repair man advised him that the set was a 1967 model instead of a 1969 model and, therefore, it was not under warranty and that defendant would have to pay for all parts and labor. Mr. Hurst testified that he called petitioner to tell them what the service man had told him and spoke to a man who identified himself as the sales manager of the company who advised defendant that he would investigate the situation and call him back. Defendant never heard anymore from this man. Subsequently, Mr. Campo called defendant making demand for payment on the note, whereupon defendant told Mr. Campo what had transpired and offered to return the television set if the note would be surrendered to him. This offer was refused by petitioner and suit followed.
There was introduced into the records an invoice on the television set giving the model number as M-960-CW, however, the year of the set is not included thereon. Also introduced into the record, an invoice of Frank’s Electronics, Slidell, La., dated June 23, 1969, showing that they had checked the G. E. color television set and the “Picture tube is shorting intermittently causing blurry picture”. Another television service call ticket by Ozone T. V. and Appliances also of Slidell, dated June 24, 1969, was introduced. It contains the wording “Set has shorted pix tube — intermittent — heater and cathode short”.
Upon the trial of the matter, Mr. Campo was presented with a “master model index from the years 1961 through 1969” of General Electric television sets and he identified that the model “M-960-CW” which is the model set which was sold to defendants was introduced by General Electric during the year 1967 and not 1969. The facts disclose without any contradiction that upon the defendant discovering the defect in the model as well as the vices in the television set itself he notified Cam-po Appliance Co. who took no action or would give him no answer thereon until following the maturity date of the note when they called him expecting payment of their promissory note.
Article 2520 of the Louisiana Civil Code further provides:
“Redhibition is the avoidance of a sale on the account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use is so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
Article 1845 of the Louisiana Civil Code provides:
“Error as to the other qualities of the object of the contract, only invalidates it, when those qualities are such as were the principal cause of making the contract.”
Article 2529 of the Louisiana Civil Code further provides:
“A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was a principal motive for making the purchase.”
The clear and unequivalent testimony of both Mr. and Mrs. Hurst was to the effect that they wanted a 1969 television set and they so informed the petitioner’s represent *319 ative at the time that they purchased the set. Upon being questioned as to whether or not she would have purchased the set, if she had known it was a 1967 model, Mrs. Hurst replied:
“No, sir. -I’m just like any other woman. I want one the same year.”
In Sunseri v. West Bank Motors, Inc., 228 La. 370, 82 So.2d 43, the court rescinded the sale of a truck which was described in the bill of sale as new but which in fact was used and functioned so poorly that the purchaser was forced to abandon it and rent another truck.
In Ganucheau v. Greff, La.App., 181 So.2d 854, the court was faced with the situation where both parties believed the automobile sold was a 1956 model, however it turned out that the car was a 1953 model. In that case, in refusing to rescind the sale, the court held that the greater age was not such a serious vice because it was not shown that petitioner would not have made the purchase had he known of it. Therefore, the year was not the principal motive in the purchase of the truck as is required by Article 2529.
In Atlantic Gulf Supply Corporation v. McDonald, La.App., 175 So.2d 6, the court invalidated because of redhibition the sale of an air conditioner of 7i/¿ ton capacity when same was represented to the purchaser as a 10 ton unit.
In Harris v. Taylor, La.App., 105 So.2d 737, the court rescinded the sale of a television set and holding that evidence sustained the finding that there had existed at the time the set was sold the defect therein which either rendered the set absolutely useless or rendered its use so inconvenient or imperfect that buyer would not have purchased it had she known of the defect.
We believe that under the jurisprudence the Lower Court erred in holding in favor of petitioner on the note sued upon. In its oral reasons for judgment, the Lower Court said:
“While this court can have a great deal of sympathy with the person who purchased a major appliance and has difficulty with it, this court is also aware of the requirements in the negotiable instruments law and believes it understands the formal requirements that a defendant must meet in order to bear the burden of proof in proving failure of consideration.
It would appear that there were certain remedies under the warranty and within our law that were available to the defendant that ordered either, (1) having his set replaced with another; (2) having the defective part repaired Under the terms of the warranty; (3) having some repairs done and taking necessary steps to mitigate his damages.”
Now the repairman who called at his home to check the set when he began having difficulties and who notified him that it was a 1967 model also notified him that the set was not in warranty. Mr. Hurst then called petitioner, some sixty-five days before the note was due, and was told by a man who alleged himself to be the sales manager that he would check into the matter and call him back. No such call was ever received by Mr. Hurst until Mr. Cam-po called about payment of the note some five months later.
We feel that the testimony is to the effect that the Hursts would not have purchased this television set had they known that it was a 1967 model. Furthermore, when he notified petitioner of the difficulty, we feel the burden was then upon Cam-po to do something to remedy the situation and not to ignore him as was testified by the defendant.
In support of its claim, petitioner cites C. T. Street, Inc. v. Breland, La.App., 88 So.2d 56, wherein the court held that purchaser’s right to redhibition might be waived where he continued to make use of a truck in spite of the defects, and made payments on the purchase price without' protest. Such is not the situation now before us.
*320 Here the defendant complained to petitioner immediately upon being notified of the defect, and although petitioner’s representative told defendant he would check into the matter and call him back, this was never done. The testimony of defendant is to the effect that about three months after the purchase the picture tube quit entirely and so he put it in the bedroom and commenced using his old black and white set. The color set has been in the bedroom, covered with a blanket, since.
For the above and foregoing reasons we believe that the judgment of the Lower Court should be reversed and that there should be judgment herein in favor of defendants and against petitioner rescinding the sale and cancelling the promissory note upon defendant returning the television set to petitioner. All costs of this appeal to be paid by petitioner.
Judgment reversed.