412 So.2d 682 (1982)
Danny R. SMITH et ux., Plaintiffs-Appellants,
v.
CUPPLES REAL ESTATE, INC., et al., Defendants-Appellees.
No. 14797.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1982.
Love, Rigby, Dehan, Love & McDaniel by J. Philip Goode, Jr., Shreveport, for plaintiffs-appellants.
Richie & Richie by C. Vernon Richie, Shreveport, for defendants-appellees, Henry W. Cushing et al.
Rogers M. Prestridge, Bossier City, for defendant-appellee, Cupples Real Estate.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Plaintiffs appeal a judgment which sustained defendants' exceptions of prescription and dismissed plaintiffs' suit for damages allegedly resulting from defendants' misrepresentation relating to the square footage in a house purchased by plaintiffs.
Plaintiffs' suit, filed on June 3, 1981, contained the following pertinent allegations:
(1) By deed dated August 14, 1979, plaintiffs purchased from the Cushings for $58,000 a house and lot in Bossier City.
(2) Prior to the sale, the Cushings and their real estate agent, Cupples Real Estate, Inc., represented to plaintiffs *683 that the house contained 1596 square feet of heated area.
(3) In connection with their subsequent attempt to sell the house and lot, plaintiffs learned the house actually contained only 1431 square feet of heated area.
(4) Plaintiffs asked for $5996.10 as the value of the missing 165 square feet of heated area (apparently a proportional reduction of the purchase price) and for attorney fees under La.C.C. Art. 2545.[1]
Defendants filed pleas of prescription, with each asserting that plaintiffs' cause of action had prescribed under the provisions of La.C.C. Art. 2498.[2]
Since there is nothing in the record indicating an evidentiary hearing was held prior to the trial judge's ruling on these exceptions, we assume that his decision was based solely upon his construction of the allegations of the petition. Further, the record contains neither oral nor written reasons for the judgment sustaining the exceptions and dismissing plaintiffs' suit.
Plaintiffs argue on appeal that (1) the one year prescriptive period stipulated in La.C.C. Art. 2498 is inapplicable since they do not claim to have purchased their residence "at the rate of so much per measure" contemplated by La.C.C. Art. 2492 as a predicate for application of Article 2498; (2) the one year prescriptive period for filing redhibitory actions does not bar their claim since the seller did not prove plaintiff's discovery of the "vice" more than a year before filing of the suitas required by La.C.C. Art. 2546; and (3) the five year prescriptive period provided for by La.C.C. Art. 3542 applies to this action since plaintiffs have alleged fraud under La.C.C. Art. 2547.[3]
Where it appears that a claim has prescribed under the allegations of the petition itself, the burden is upon the plaintiff to show why the claim has not prescribed. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979); Wooden v. Hartford Insurance Co., 335 So.2d 742 (La.App. 2d Cir. 1976); Tassin v. Allstate Insurance Co., 310 So.2d 680 (La.App. 4th Cir. 1975).
Since no evidence was presented in connection with the hearing in the trial court on these exceptions of prescription, the primary question on appeal is whether plaintiffs' petition shows on its face that their claim has prescribed. This requires an analysis of the nature of their action as revealed by the factual allegations contained in the petition.
Although plaintiffs' articulation of their cause of action is not as semantically precise as might be desirable, our examination of the petition leads us to the conclusion that plaintiffs are suing the Cushings for a reduction in the purchase price of their property because the sellers declared the "thing sold" had a quality (1596 square feet of heated area) which it did not actually have.[4]
*684 It is well established in our jurisprudence that where a good faith seller breaches an express warranty of quality, the buyer's exclusive remedy is an action in redhibition. Overby v. Beach, 220 La. 77, 55 So.2d 873 (1951); Bernofsky v. Schwartz, 370 So.2d 590 (La.App. 4th Cir. 1979); Peoples Furniture & Gift v. Carson Hicks, 326 So.2d 919 (La.App. 3rd Cir. 1976); Fusilier v. Ardoin, 266 So.2d 531 (La.App. 3rd Cir. 1972); Atlantic-Gulf Supply Corp. v. McDonald, 175 So.2d 6 (La.App. 4th Cir. 1965). Also, for an excellent discussion of the subject, see comment entitled "Seller's Express Warranty Giving Rise to a Redhibitory Action Article 2529 of the Louisiana Civil Code", 42 Tulane Law Review 374 (1968).
Having concluded that plaintiffs' action is one in redhibition under the cited codal articles, we find untenable defendants' argument that La.C.C. Articles 2491 et seq., are applicableparticularly since the deed in question does not purport to describe the measurement of the house involved in this litigation.
In general, a redhibitory action prescribes one year from the date of the sale, unless the seller had knowledge of the vice and neglected to declare it to the purchaser. La.C.C. Art. 2534. If the seller has knowledge of the defect and fails to declare it, the one year period for filing the redhibitory action then runs from the date of discovery of the vice by the purchaser. La. C.C. Art. 2546; Walton v. Katz & Besthoff, Inc., 77 So.2d 563 (La.App.Orl.Cir.1955).
In this case more than one year elapsed between the date of the purchase of the house and lot and the date suit was filed. Therefore, on the face of the petition the claim for redhibition had prescribed. Plaintiffs had the burden of proving why it had not prescribed. No allegations of the petition purported to posit an exception to the general rule nor, as we have noted, did plaintiffs present any evidence to discharge their burden of proof. Consequently, the trial judge correctly sustained the plea of prescription as to the Cushings.
However, since the trial judge disposed of the exception solely upon the basis of the allegations contained in plaintiffs' petition, we believe that in the interest of justice he should have exercised his discretion under La.C.C.P. Art. 934[5] by giving plaintiffs a reasonable opportunity to amend their petition, if possible, to cure the defect in question. Of course, if plaintiffs cannot or do not amend within the time stipulated in the trial judge's order for the amendment, their suit should be dismissed. We remand, in part, for that purpose.
Since the pleadings do not indicate that defendant Cupples Real Estate Inc. sold the property in question to plaintiffs, there can be no redhibitory action against it and the prescriptive period relating to redhibitory actions does not apply to the suit as it pertains to that defendant. Davis v. Davis, 353 So.2d 1060 (La.App. 2d Cir. 1977).
Although the nature of plaintiffs' cause of action against Cupples is not clear from our examination of the petition, it appears to be based upon fraudulent misrepresentations. See DeSoto v. Ellis, 393 So.2d 847, 848 (La.App. 2d Cir. 1981) for a discussion of duties owed by brokers to purchasers. Be that as it may, we cannot conclude that plaintiffs' claim against defendant Cupples has prescribed under the allegations of the petition itself. Therefore, the trial judge erred in sustaining this defendant's exception of prescription.
For the reasons set forth, we affirm the judgment of the trial court insofar as it *685 sustained the exception of prescription filed by the defendants, Cushings, but reverse the judgment insofar as it dismissed the suit against those defendants. We also reverse the district court judgment insofar as it sustained the exception of prescription filed by the defendant, Cupples Real Estate, Inc. and dismissed the suit against it. We remand for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to the defendants. Assessment of all other costs is to await a final judgment.
NOTES
[1] Art. 2545. The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.
[2] This article, in a section of the Civil Code dealing with disputes over the extent of immovable property delivered to the vendee, provides:

Art. 2498. The action for supplement of the price on the part of the seller, and that for diminution of the price or for the canceling of the contract on the part of the buyer, must be brought within one year from the day of the contract, otherwise it is barred.
[3] Art. 2547. A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.

It may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorneys' fees, in favor of the buyer.
[4] C.C. Art. 2529. A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.

C.C. Art. 2541. Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.
C.C. Art. 2542. The buyer may also content himself with resorting to this action, when the quality, which the thing sold has been declared to possess and which it is found to want, is not of such importance as to induce him to demand a redhibition.
[5] When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.