WARD, Judge.
Owen Royal filed an action of defamation against his former employer, defendant Louis Schwartz International Trucks, Inc.[1] [Schwartz]. The Trial Judge granted Schwartz’s peremptory exception of prescription and dismissed the suit at a hearing of the exception on June 25, 1982.
Royal has appealed, claiming that the Trial Judge erred when he upheld the exception of prescription and dismissed the suit and did not allow Royal to amend his petition. Schwartz argues that the Trial Judge was correct because the action had prescribed as shown in the allegations of the petition.
The issue in this appeal is whether the Trial Judge erred when he ordered this action dismissed as having prescribed and refused counsel’s request to amend his petition. We believe that Royal should be given an opportunity to amend his petition.
Royal was employed by Schwartz from November 1, 1978, until February 27, 1981, when he was discharged. On April 2, 1982, Royal filed an action in defamation against Schwartz. He stated in his petition:
IV.
Petitioner was discharged from employment with defendant on “February 27, 1981, for gross negligence in handling company documents on which cash transactions were recorded which could result in a loss of company funds.”
*391 v.
Without a thorough investigation to reveal the facts of what happened to the company documents, allegedly mishandled by your petitioner Owen Royal, defendant terminated petitioner and willfully, and wantonly, defamed petitioner causing substantial damage to petitioner’s reputation, honor and ability to procure gainful employment.
Schwartz filed the exception of prescription, claiming that the action in defamation was lost after a period of one year and that more than one year had lapsed since the date of termination of Royal on February 27, 1981, and the date of the filing of Royal’s lawsuit on April 2, 1982, dates which appear on the face of the petition.
Counsel for Royal contends that he offered to amend his petition and allege other facts which would show acts of defamation by Schwartz which had occurred after Royal’s termination and that the inference of these other acts arises from the petition’s statement that Royal has been harmed in his “ability to procure gainful employment.” He reasons that this harm to Royal’s employability could only have resulted from acts of defamation which occurred following the date of termination, and had he been allowed to amend his petition, he could have cured the prescription problem by adding dates of defamatory remarks and names of parties to whom the remarks were made.
Schwartz argues that- the determining dates are clear on the face of the petition and support the conclusion that one year had lapsed from the only date set forth alleging damage, February 27, 1981. Schwartz also argues that no evidence has been offered to show that this action has not prescribed.
La.C.C. Art. 3536 governs actions for injurious words, defamation, and provides that such an action has a prescription period of one year. According to the two dates shown on the face of Royal’s petition, the evidence would support the conclusion that his action had prescribed and that the Trial Court correctly sustained the peremptory exception.
While the record does not contain any evidence from the hearing on the exception, Counsel for Royal states that he offered to amend his petition, and Schwartz does not refute that claim. The judgment of the Trial Court does not contain any reason for rendering the judgment of dismissal instead of granting Royal the opportunity to amend his petition as La.C.C.P. Art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court....
We believe that La.C.C.P. Art. 934 and the jurisprudence require that Royal be granted the opportunity to cure the problem of prescription. See Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4th Cir.1982); Smith v. Cupples Real Estate, Inc., 412 So.2d 682 (La.App. 2nd Cir.1982); La.C.C.P. Art. 931.[2]
We conclude that the Trial Court erred when he dismissed Royal’s suit and that when he sustained the exception of prescription, he should have granted Royal the opportunity to amend his petition within a stipulated period of time. We remand for that purpose, and each party shall bear his own costs of this appeal.
REMANDED.

. Appellee states that the correct name is Louis Schwartz International Trucks, Inc.

. Art. 931. On the trial of the peremptory exception pleaded at or prior to trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.