492 So.2d 121 (1986)
Charles D. ATKINSON, et al.
v.
TOTAL COMPUTER SYSTEMS, INC.
No. 85 CA 0612.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Rehearing Denied August 20, 1986.
Writ Denied November 7, 1986.
Roxie F. Goynes, Denham Springs, for plaintiff-appellant Charles D. Atkinson.
Thomas E. Gibbs, Baton Rouge, for defendant-appellee Total Computer Systems, Inc.
Before LOTTINGER, CRAIN and PONDER[*], JJ.
*122 CRAIN, Judge.
This is a suit in redhibition seeking rescission of the sale of a computer system made by defendant, Total Computer Systems, Inc. (Total) to plaintiff, Charles D. Atkinson d/b/a Denham Springs True Value Hardware (Atkinson), for a total price of $8,358.10. From a judgment ordering an $850 reduction of the purchase price, plaintiff appeals.

FACTS
In the early part of 1983, Charles Atkinson decided to purchase a computer in order to facilitate the operation of his various commercial enterprises which included a hardware store, an electrical wholesale outlet and a contractor's supply business. The computer was to handle basic accounting, word processing, inventory, billing, and payroll functions.
Atkinson eventually decided to make his purchase from Total Computers. The "package" Atkinson purchased consisted of an Eagle II Model 4 computer, an Okidata 93-A printer, various software (or programming) packages including one titled "Accounting Plus", related documentation and 30 hours of training. Soon after the purchase, Atkinson was informed by Total Computers that the Accounting Plus program was not available and could not be delivered for at least six weeks. The cost of the Accounting Plus program was $2,000. After some discussion, Atkinson agreed to purchase from Total a substitute accounting package that was designed and programmed by Computer Systems and Ware, a local business that developed software systems.
Atkinson did not receive the CS & W accounting package until some six weeks after the computer had been purchased. Upon its arrival, he began to experience numerous difficulties with its use. Menus (lists of selectable options) did not appear in the same order nor with the same labels as the reference menus in the user guide manuals, making access difficult. The manuals themselves were complex, and allegedly lacked proper instructions, making the inputting of proper information difficult. The general ledger system and the customer billing and payroll systems did not operate properly. Credits were invoiced to the wrong customers, one or two accounts were lost each month, employee paychecks were repeatedly inaccurate with bizzare figures sometimes being printed out. Finance charges were assessed inappropriately. Additionally, the printer would often blow an internal fuse, and the printing head had to be replaced after only a few weeks of service.
A good deal of time was spent by defendant or its agents in attempting to assist plaintiff with his problems. Apparently, numerous revisions in the program were made in order to correct programming errors. With the assistance of defendant, the programs would run properly. But when plaintiff was without direct assistance from defendant, problems and errors would often reoccur that plaintiff was unable to correct.
After a bench trial, the court determined that a reduction in the purchase price was in order. It found that the computer itself was free of defects and refused to rescind its sale. The court found that the inability of the plaintiff to operate or understand the system contributed to the numerous difficulties encountered. But it further found that the program, along with the training and accompanying documentation were defective. It also found that the printer was defective. The court declined to rescind the sale of either of these items, finding instead that a reduction in the purchase price in the amount of $850 would be more appropriate. It also found that defendant was a good faith seller of these items and plaintiff was not granted attorney's fees or damages.
The plaintiff alleges that the trial court erred in (1) not rescinding the sale, (2) not finding the defendant in bad faith, and (3) not granting a proper amount for reduction of the purchase price.

RESCISSION
Plaintiff initially argues that the trial court erred in treating the components separately *123 and not considering the system as a whole when determining if the sale should be rescinded or the price reduced. Plaintiff urges that what was defective was the entire system, including the computer hardware, as opposed to just the software. He contends that while the computer itself may have been functional, it was useless without the software. We agree. Plaintiff purchased a system that often times failed, although at times it worked. Although it was the software that was defective, not the computer, plaintiff purchased a system that was in part modified to meet his particular needs. See Austin's of Monroe, Inc. v. Brown, 474 So.2d 1383 (La.App. 2nd Cir.1985).
Plaintiff did not simply purchase a computer and then various software packages. Rather, each component was carefully chosen so that each would complement the other's particular attributes to form a system that would be tailored to best suit plaintiff's needs. It was the system that did not perform its intended use. See Land & Marine Services, Inc. v. Diablo Data Systems, Inc. of Louisiana, 471 So.2d 792 (La.App. 5th Cir.1985), writ denied, 477 So.2d 102 (La.1985).
The lower court having not treated the sale as a system erred in not rescinding the sale. The court found that plaintiff's testimony that the printer failed from time to time was uncontradicted, but determined that the severity of the defect did not warrant rescission. We have determined that the trial court was clearly wrong in finding that the printer only went out from time to time. The record shows that the printer failed almost routinely as a result of an internal fuse constantly burning out. While plaintiff was able to use the printer, this was a result of his superior knowledge of electronics. There was no external resettable fuse that could be easily reached. Plaintiff had to partially disassemble the printer in order to replace the internal fuse and reset an internal overload circuit at each failure. Plaintiff's action did not cure the problem, but simply enabled him to keep using the printer until it failed again.
Despite plaintiff's ability to keep the printer operating, we find that when combined with the numerous problems encountered with the software, the system's use was so inconvenient and imperfect that the sale should have been rescinded. While the software problems alone may not have warranted rescission, when viewed in light of the defective printer, this determination is mandated. The trial court abused his discretion in failing to order rescission.

BAD FAITH
Plaintiff alleges that the trial court erred in not finding that defendant was in bad faith. The court determined that defendant's actions amounted to good faith. There is no evidence that defendant knew of the defects in the software or printer when it made the sales. The defendant is therefore considered to be in good faith. Land and Marine Services, 471 So.2d 792 at 802; Cox v. Lanier Business Products, Inc., 423 So.2d 690 (La.App. 1st Cir.1982), writ denied, 429 So.2d 129 (La.1983). This is a question to be determined by the trier of fact. The court's finding is reasonably supported by the record and not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

DECREE
As the defendant was not a bad faith seller, plaintiff is not entitled to attorney's fees and damages. La.C.C. art. 2545. However, as we have determined that the sale of the entire system should have been rescinded, the plaintiff is entitled to a return of the purchase price of $8,358.10. We also find that the benefits of the use of the system were outweighed by the inconvenience of its redhibitory vices, and therefore defendant is not entitled to a credit for its use. Coleman Oldsmobile, Inc., v. Newman & Associates Inc., 477 So.2d 1155 (La.App. 1st Cir.1985). Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and rendered. Costs of this appeal are assessed to the defendant.
*124 AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[*] Judge Elven E. Ponder, Retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther Cole to the Supreme Court.