COVINGTON, Chief Judge.
In this case the plaintiff, Donald V. Organ, sued the defendant, Covington Air Condition and Heating, Inc., for breach of contract. The defendant answered and admitted that it had contracted to install an air conditioner in plaintiffs house for the price of $3,068.55. Defendant further answered that it had installed “a custom built water source heat pump for petitioner, which provided for a one year warranty on all parts and labor.” Defendant averred that the “unit was built in a professional and workmanlike manner and at all times petitioner knew and agreed to the parts and equipment supplied by defendant.”
After trial, the trial court rendered judgment in favor of plaintiff, awarding him the sum of $800.00, plus interest and costs which included an expert fee of $300.00. Plaintiff has devolutively appealed. Defendant has neither appealed nor answered the appeal[2]. We amend the judgment and recast it to increase the award to plaintiff; and as amended, we affirm.
The evidence establishes that on February 2, 1984, plaintiff contracted with defendant to install a new General Electric or comparable air conditioning system, including a heat pump located outside, in the plaintiff’s summer home at Bush, St. Tammany Parish, Louisiana, for the price of $3,068.55. Instead of installing the system contracted for, defendant installed a shop-built heat pump unit, using some generic parts, some parts from the plaintiff’s old unit and a Trane compressor. The contract called for a new system, which was agreed to be of General Electric or comparable manufacture. The evidence further establishes that the compressor failed less than five years from the date of installation.
In his oral reasons for judgment, the trial judge stated:
I can find and hold- [defendant] responsible for the equivalent of a new 42,000 BTU water source heat pump, and I find that because [plaintiff] did not get a five-year warranty [sic] that [defendant] is liable to him for the damages resulting therefrom.
There is some testimony in the record that the compressor went out. And as I told you earlier, that I could infer from the fact that everything that went down in this case plus the fact that [plaintiff] called Surgi’s to get the cost of a compressor and/or a replacement unit on the outside, that the compressor was out on that water source heat pump furnished by Mr. Jones and his company [defendant], I find that this is a suit for breach of contract, and the damages are to be assessed based on the actual damages sustained by Mr. Donald Organ. The best that I can determine those damages to be based on the evidence submitted in this trial is the sum of eight hundred dollars, and I do award the sum of eight hundred dollars to Mr. Donald V. Organ [plaintiff] from Covington Heating and Air Conditioning, Incorporated [defendant], and will sign a judg *761 ment to that effect when presented with the same, together with all costs of these proceedings and for legal interest from the date of judicial demand until paid in full.
I award expert witness fee to the expert brought by the plaintiff herein, Mr. Boyle, in the amount of three hundred dollars and assess those as costs in this matter. Insofar as any claims for attorney fees are concerned, the Court denies the same having found that they’re not appropriate in a suit for breach of contract.
Part of the applicable law as set out in Albert Switzer & Associates, Inc. v. Dixie Buick Inc., 265 So.2d 313 (La.App. 4th Cir.1972) and La. C.C. art. 1953, indicates that the selling of a “used” product and representing that it is “newer” than it in fact is constitutes fraud. Similarly, in Danilson v. Crown Buick, Inc., 480 So.2d 503 (La.App. 5th Cir.1985), the court held that “misleading representations regarding value and/or quality were sufficient to vitiate the purchase contract.”
The evidence in the record clearly establishes that the air-conditioner system that defendant sold to plaintiff was not a “new” system of G.E. or comparable manufacture but was in fact a “shop-made” system manufactured and installed by defendant. It proved to be unsatisfactory, if not inoperable.
Article 1953 of the Louisiana Civil Code defines fraud as “a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.” The representation that a “shop-made” air-conditioner system is a new G.E. or comparable manufacture system clearly falls within the “fraud” article of the Civil Code. See Albert Switzer & Associates, Inc. v. Dixie Buick, Inc., supra.
In Atlantic-Gulf Supply Corporation v. McDonald, 175 So.2d 6 (La.App. 4th Cir.1965), the court held the buyer was entitled to rescind the purchase of a Ph-ton Copeland air-conditioner unit when the seller represented it as a 10-ton York air-conditioner. The Court remarked (175 So.2d at 7):
We are of the opinion that Atlantic thought that it was buying a 10-ton York air-conditioner and would not knowingly have agreed to buy a 7yz-ton Copeland. The fact that the unit was represented as a 10-ton York was an essential and dominating factor in inducing Atlantic to purchase the unit.
In Tauzin v. Sam Broussard Plymouth, Inc., 283 So.2d 266 (La.App. 3rd Cir.1973), the court found:
The car was represented as a “new” vehicle. The representation that a vehicle is “new” cannot reasonably include an automobile involved in a street collision during the course of an unauthorized joy ride.
It is, therefore, determined by this court that the acts of the defendant did indeed fall within the definition of fraud ... (citing former La. C.C. art. 1847, which has been re-written as La.C.C. art. 1953).
In Atkinson v. Total Computer Systems, Inc., 492 So.2d 121 (La.App. 1st Cir.1986), writ denied, 496 So.2d 356 (La.1986), this court ruled that the trial court had erred in failing to order rescission of the sale where the computer system did not perform its intended use. See also Land & Marine Services, Inc. v. Diablo Data Systems, Inc. of Louisiana, 471 So.2d 792 (La.App. 5th Cir.1985), writ denied, 477 So.2d 102 (La.1985).
From the evidence in the record, we find that plaintiff is entitled to rescission of the contract on the ground of fraud. La. C.C. art. 1953.
The Code also provides for damages in the case of rescission for fraud. In La. C.C. art. 1958, the Code provides that “the party against whom rescission is granted because of fraud is liable for damages and attorney fees.”
The seller who knows the vice of the product he sells and omits to declare it is answerable to the buyer in damages and for reasonable attorney fees. LSA-C.C. art. 2545. Calandro’s Supermarket, Inc. v. Hussman Refrigeration, Inc., 525 So.2d 316 (La.App. 1st Cir.1988).
*762 Under rescission of the contract, plaintiff is entitled to recover the purchase price, which amounts to $3,068.55. He is also entitled to recover damages. From the record we fix this amount as $500.00. Under Art. 1958, plaintiff is entitled to recover reasonable attorney fees. We will fix attorney fees for both the trial and the appeal at $2,000.00. The trial court fixed the expert witness fee at $300.00. The record shows that his total hours spent were nine or ten. His testimony was lengthy. It was not, however, of particular help to a decision of the issues in the case. We will let stand the trial judge’s fixing of the expert’s fee. See, Charles v. Arceneaux Ford, Inc., 542 So.2d 846 (La.App. 3rd Cir.1989). We deny appellant’s prayer for reduction of the record preparation costs. They are not excessive.
Accordingly, it is the judgment of this Court that there be judgment in favor of Donald V. Organ, plaintiff, and against the defendant, Covington Heating and Air Conditioning, Inc., in the amount of $3,568.55, plus interest from date of judicial demand. It is the further judgment of this Court that plaintiff is to recover from defendant the sum of $2,000.00 as reasonable attorney fees. The Court further affirms the trial court’s award of $300.00 as the expert witness fee of plaintiff’s expert witness at the trial. The defendant-appellee is cast for all costs of these proceedings.
AMENDED, AND AS AMENDED, AFFIRMED.

. Defendant has, however, filed with this court a peremptory exception raising the objection of prescription, based on the lapse of more than one year from installation of the heat pump to the filing of plaintiff’s suit. We find no merit in this exception. As plaintiff points out, since his cause of action was based on fraud, the one-year prescriptive period does not apply here.